# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LARRY THOMAS HAIZLIP, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 1:11CV376 |
| CORPORAL RICHARDSON, OFFICER A. MENDEZ, and OFFICER C.B. PARKER, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION, ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The instant matter comes before the undersigned United States Magistrate Judge for a recommended ruling on Defendants' Motion to Dismiss (Docket Entry 16) and for disposition of Plaintiff's Motion for Extension of Time (Docket Entry 20) and Plaintiff's Motion Requesting Appointment of Counsel (Docket Entry 22).[1] For the reasons that follow, the Court should grant Defendants' Motion to Dismiss, and the undersigned will grant Plaintiff's Motion for Extension of Time and will deny Plaintiff's Motion Requesting Appointment of Counsel.

## Background

Plaintiff Haizlip, proceeding pro se, filed a Complaint under 42 U.S.C. § 1983 against Greensboro, North Carolina, Police

---

[1] Plaintiff's Motions are titled: "Motion asking for extension of time to the Defendant(s) Motion" (Docket Entry 20); and "Motion Requesting For Appointment of Counsel" (Docket Entry 22).

Department Officers J.B. Blanks, C.B. Parker and A. Mendez. (Docket Entry 2.) Haizlip subsequently amended his Complaint to replace Officer Blanks with Corporal Richardson. (See Docket Entries 6, 10, 11.) Haizlip alleges that, on June 5, 2009, he was driving when two unmarked police vehicles blocked his path. (See Docket Entry 2 at 3.) According to Haizlip, Corporal Richardson and two unknown officers then approached Haizlip's vehicle with their weapons drawn. (Id.) Purportedly, Corporal Richardson then "violently pulled [] Haizlip and his passenger from the vehicle, patted them down, hand cuffed them, and placed them in separate vehicles." (Id.)

Haizlip complains that, after placing him in the vehicle, Defendants searched Haizlip's vehicle without an "arrest warrant or search warrant nor consent." (Id.) According to Haizlip, "no contraband was found on [him], his passenger, nor in the vehicle." (Id.) Haizlip goes on to allege that (still without an arrest or search warrant) he and his passenger were then transported to a nearby residence which belonged to neither Haizlip nor his passenger. (Id.) Per Haizlip, Officer Parker obtained a search warrant for said residence "with no one [sic] name on it, just an address." (Id.)

As a result of these events, Haizlip alleges that "[t]he search, seizure and detention of [] Haizlip prior to [Officer] Parker obtaining the search warrant were conducted in violation of

[] Haizlip's Fourth Amendment, Fourthteenth [sic] Amendment rights against unreasonable searches and seizure." (Id. at 3-4.) Haizlip further contends that his "Eighth Amendment [right] was also violated with excessive bail of $100,000 dollars." (Id. at 4.)

Defendants Richardson, Mendez and Parker have filed a Motion to Dismiss (Docket Entry 16) contending: (1) in a related criminal proceeding, this Court previously heard Haizlip's motion to suppress evidence related to the above described events and thus Haizlip's Fourth Amendment claim is barred by collateral estoppel (see Docket Entry 17 at 2-4); and (2) Haizlip has failed to allege that any Defendant played a role in setting Haizlip's bail (see id. at 4-5). Haizlip has filed a Motion seeking an extension of time to file his Response to Defendants' Motion to Dismiss (see Docket Entry 21) and a Motion requesting appointment of counsel (see Docket Entry 22).

### Motion for Extension of Time

Responses were due to Defendants' Motion to Dismiss on February 27, 2012. (See Docket Entry 16.) Shortly after the Motion to Dismiss was filed, the Court sent Haizlip a Roseboro Letter notifying Haizlip of his right to respond and that his failure to do so would likely lead to dismissal. (See Docket Entry 18 at 1.) Said letter was returned by the postal service marked "NOT DELIVERABLE AS ADDRESSED - UNABLE TO FORWARD." (Docket Entry dated Feb. 22, 2012.) The Court then sent Haizlip a second

Roseboro Letter, again notifying Haizlip of his right to respond and the possible consequences of that failure. (See Docket Entry 19 (dated Mar. 6, 2012).)

A month thereafter, Haizlip filed the instant Motion seeking an extension of time to file his response to Defendants' Motion to Dismiss (see Docket Entry 20 (dated Apr. 6, 2012)) and contemporaneously filed his Response (see Docket Entry 21 (dated same)). In connection with his Motion for Extension of Time, Haizlip filed a letter from the United States Department of Justice, written by Correctional Counselor J. LaLonde, explaining that, on March 15, 2012, Haizlip was housed in a Special Housing Unit and, "[f]rom March 15th to March 30th, Haizlip had no access to his legal property or materials in which to respond to this [M]otion." (Docket Entry 20-1 at 1.) Defendants have not responded to Haizlip's Motion for Extension of Time. (See Docket Entries dated Apr. 6, 2012, to present.)

For the cause shown in Haizlip's Motion, the Court will grant the requested extension and, accordingly, will consider Haizlip's Response, filed April 6, 2012, as timely filed.

### Motion Requesting Appointment of Counsel

Haizlip contends that, due to his placement in the Special Housing Unit, he has limited access to the law library and asserts that he "is not effective, or competent to represent or oppose this legal claim on his own." (Docket Entry 22 at 1.)

Haizlip previously filed, and this Court previously addressed, a Motion requesting appointment of counsel in this action. (See Docket Entries 7, 10.) After reviewing Haizlip's Request and the applicable standards (see Docket Entry 10 at 2-3) the Court declined to take such action (see id. at 3). Haizlip has made no representation in the instant Motion that would change the Court's prior conclusion. Accordingly, for the reasons stated previously (see Docket Entry 10 at 2-3), the Court will deny Haizlip's Motion Requesting Appointment of Counsel (Docket Entry 22).

### Defendants' Motion to Dismiss

Defendants contend: (1) "[Haizlip]'s claim for constitutional violations of the Fourth and Fourteenth Amendments must fail because this Court has already heard and decided that probable cause existed for the Defendants to lawfully stop, detain, search and arrest [Haizlip]" (Docket Entry 17 at 2); and (2) "[Haizlip]'s claim that the Defendants set excessive bail must also fail because [] [Haizlip] has not articulated any facts which show the Defendants either had the authority or actually performed the act of setting the allegedly excessive bail for which [Haizlip] complains" (id. at 4).

*I. Claim for Violations of the Fourth and Fourteenth Amendments*

Haizlip complains that "[t]he search, seizure and detention of [] Haizlip prior to [Officer] Parker obtaining the search warrant were conducted in violation of [] Haizlip's Fourth Amendment,

-5-

Fourthteenth [sic] Amendment rights against unreasonable searches and seizure." (Docket Entry 2 at 3-4.) "[T]he underlying command of the Fourth Amendment is always that searches and seizures be reasonable." Wilson v. Arkansas, 514 U.S. 927, 931 (1995) (quotation marks and citation omitted). Accordingly, "[t]he Fourth Amendment permits an officer to make an investigative detention or stop only if supported 'by a reasonable and articulable suspicion that the person seized is engaged in criminal activity.'" United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011) (quoting Reid v. Georgia, 448 U.S. 438, 440 (1980)).

As Defendants note, the issue of whether Defendants had "a reasonable and articulable suspicion that [Haizlip] [was] engaged in criminal activity," Foster, 634 F.3d at 246, previously came before this Court in the case of United States v. Larry Thomas Haizlip, 1:10CR195.[2] In that action, Haizlip filed a Motion to Suppress contending that "the detention and subsequent search and seizure on June 5, 2009, were conducted in violation of [Haizlip's]

---

[2] "[W]hen entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." Andrews v. Daw, 201 F.3d 521, 524 n.1 (4th Cir. 2000); see also Shealy v. Georgia-Pacific Woods Prods., LLC, Civil Action No. 8:11-757-JMC-KFM, 2011 WL 5904664, at *1 (D.S.C. Oct. 31, 2011) (unpublished) ("When a preclusion defense appears from the face of a plaintiff's complaint and from facts from a prior proceeding, the defense may be brought as a Rule 12 motion so long as it raises no disputed issues of fact, because the court can take judicial notice of the facts from a prior proceeding.")

-6-

Case 1:11-cv-00376-NCT-LPA   Document 24   Filed 07/10/12   Page 6 of 14

Fourth Amendment right against unreasonable search and seizure, and, the seizure of [Haizlip] on June 5, 2009, was illegal, and, the premise on which the search warrant was obtained was not based on credible evidence, probable cause or reasonable suspicion." United States v. Larry Thomas Haizlip, 1:10CR195, Docket Entry 30 at 1.

Senior United States District Judge N. Carlton Tilley, Jr. heard oral argument on Haizlip's Motion to Suppress. See id., Docket Entries dated Dec. 7, 2010; see also id., Docket Entry 63 (consisting of transcript of said hearing). Both Parties at that hearing had the opportunity to present witnesses and to offer argument. See id., Docket Entry 63. During the course of that hearing, it was revealed to the Court that:

- on June 5, 2009, officers were conducting surveillance on 1511 Elwood Avenue, Apt. B, see id., Docket Entry 63 at 5;

- during the course of that surveillance, officers observed a green, compact vehicle pull up in front on the residence, followed shortly by Haizlip in a purple Chevrolet Caprice, see id., Docket Entry 63 at 8;

- Haizlip emerged from his vehicle, entered 1511 Elwood Avenue, Apt. A - a unit directly adjacent to the one on which officers were conducting surveillance - emerged a minute later, and engaged in what trained officers deemed a hand-to-hand

narcotics transaction with the occupant of the green, compact vehicle, see id., Docket Entry 63 at 8-9;

- Haizlip then re-entered the 1511 Elwood Avenue, Apt. A location, see id., Docket Entry 63 at 14;
- the occupant of the green, compact vehicle left and was subsequently pulled over for a seat belt violation, whereupon crack cocaine was found on the occupant and, during his transport to jail, the occupant made a spontaneous utterance to the effect of "tell me the truth, you were watching the house I just bought that from," id., Docket Entry 63 at 17-25;
- officers subsequently applied for a search warrant on the 1511 Elwood Avenue, Apt. A residence, see id., Docket Entry 63 at 22;
- while officers were applying for and having said warrant issued, Haizlip left the residence in his own vehicle, see id., Docket Entry 63 at 23;
- officers pulled over Haizlip and detained him while they awaited issuance of the search warrant, see id.; and
- the residence and Haizlip's vehicle were then searched, see id., Docket Entry 63 at 41-42.

At the conclusion of that hearing, Judge Tilley denied Haizlip's Motion to Suppress on the basis that probable cause existed for the officers to believe that Haizlip had engaged in

criminal activity. See id., Docket Entry 63 at 71-75.[3] The remaining question concerns whether the foregoing finding, based on the same events, bars this action under principles of collateral estoppel.

Collateral estoppel "operates to bar subsequent litigation of those legal and factual issues common to both actions that were 'actually and necessarily determined by a court of competent jurisdiction' in the first litigation." In re Varat Enters., Inc., 81 F.3d 1310, 1315 (4th Cir. 1996) (quoting Montana v. United States, 440 U.S. 147, 153 (1979)). It properly applies where:

> (1) the issue sought to be precluded is identical to the one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum.

Sedlack v. Braswell Servs. Grp., Inc., 134 F.3d 219, 224 (4th Cir. 1998). Moreover, the United States Court of Appeals for the Fourth Circuit has held that an earlier suppression hearing (albeit at the state court level) serves to collaterally estop a subsequent

---

[3] Haizlip subsequently pleaded guilty, waived his right to appeal, and noticed an appeal, during which his counsel filed an Anders brief identifying only a possible sentencing issue and Haizlip declined to file a supplemental brief despite notice of that option. See United States v. Haizlip, No. 11-4229, 2012 WL 1995794, at *1 & n.1 (4th Cir. June 5, 2012) (unpublished). After "examin[ing] the entire record . . . and [finding] no meritorious issues for appeal," id. at *1, the Fourth Circuit "affirm[ed] the district court's judgment," id.

-9-

section 1983 action. See Gray v. Farley, 13 F.3d 142, 146 (4th Cir. 1993) ("A suppression hearing in an earlier state criminal trial collaterally estops the relitigation of the same issues in a § 1983 action if the elements of collateral estoppel are met." (citing Allen v. McCurry, 449 U.S. 90, 105 (1980))).

The record confirms that the elements of collateral estoppel are indeed met in the instant action. Haizlip raises the same issue decided against him in the Motion to Suppress hearing, as part of a necessary and critical determination in that proceeding, and Haizlip had a full and fair opportunity to litigate this issue in the previous forum. Accordingly, "because [Haizlip] raises the same issues in the instant case that he raised in the motion to suppress hearing in front of this [C]ourt and because he had a full and fair opportunity to litigate these issues, [Haizlip] is collaterally estopped from bringing a Fourth Amendment claim regarding the search and seizure," Knox v. Graham, C.A. No. 9:07-283-HMH-GCK, 2008 WL 2227239, at *2 (D.S.C. May 27, 2008) (unpublished), and his claims for violations of the Fourth and Fourteenth Amendments should be dismissed.

*II. Claim for Violation of the Eighth Amendment*

Haizlip contends that his "Eighth Amendment [right] was also violated with excessive bail of $100,000 dollars." (Docket Entry 2 at 4.) On this issue, Defendants contend that Haizlip has failed

to state a claim under Federal Rule of Civil Procedure 12(b)(6). (See Docket Entry 17 at 4-5.)

A plaintiff fails to state a claim when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[4]

The Supreme Court has reiterated that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S.

---

[4] "[D]etermining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion . . . requires the reviewing court to draw on its judicial experience and common sense." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

-11-

89, 94 (2007) (internal citations and quotation marks omitted). However, the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008)(internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681–82 (D.C. Cir. 2009) ("A pro se complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679, respectively)).

Under this standard, Haizlip has failed to state a claim that Defendants violated his Eighth Amendment right by way of setting excessive bail. In fact, Haizlip's sole allegation on this point consists of a single sentence: "Mr. Haizlip [sic] Eighth Amendment [right] was also violated with excessive bail of $100,000 dollars." (Docket Entry 2 at 4.) As Defendants correctly note: "[Haizlip] has not articulated any facts which show the Defendants either had the authority or actually performed the act of setting the allegedly excessive bail for which [Haizlip] complains." (Docket Entry 17 at 4.) Accordingly, the Court should dismiss Haizlip's claim for violation of his Eighth Amendment rights.

-12-

Case 1:11-cv-00376-NCT-LPA   Document 24   Filed 07/10/12   Page 12 of 14

Conclusion

For the cause shown in the Motion for Extension of Time, the undersigned will consider Haizlip's Response to Defendants' Motion to Dismiss timely filed. However, for the reasons in this Court's previous Order, the undersigned will deny Haizlips Motion Requesting Appointment of Counsel. With respect to Defendants' Motion to Dismiss, because the issue of whether probable cause existed to detain Haizlip, obtain a warrant, and subsequently search his vehicle and home has previously been litigated and decided, Haizlip's instant claim for violation of his Fourth and Fourteenth Amendment rights should be dismissed. Moreover, Haizlip fails to state a claim that Defendants violated his Eighth Amendment rights.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion asking for extension of time to the Defendants' Motion (Docket Entry 20) is **GRANTED**, and Plaintiff's Response, filed April 6, 2012, is considered timely filed.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Requesting For [sic] Appointment of Counsel (Docket Entry 22) is **DENIED**.

**IT IS RECOMMENDED** that Defendants' Motion to Dismiss (Docket Entry 16) be granted.

<pre>
                              /s/ L. Patrick Auld
                                L. Patrick Auld
                        United States Magistrate Judge
</pre>

July 10, 2012

-14-

Case 1:11-cv-00376-NCT-LPA   Document 24   Filed 07/10/12   Page 14 of 14